UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MIKE SETTLE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:19-CV-302-TAV-DCP |
|  | ) |  |
| MICHAEL PARRIS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM OPINION**

Petitioner Mike Settle is a Tennessee inmate proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] [Doc. 1]. Before the Court is Respondent's motion to dismiss the petition for Petitioner's failure to exhaust his State-court remedies [Doc. 7]. For the reasons set forth below, the petition for writ of habeas corpus [Doc. 1] will be **DENIED**, and Respondent's motion [Doc. 7] will be **DISMISSED AS MOOT**.

**I.   ALLEGATIONS OF PETITION**

Petitioner claims that his parole-eligibility date has been miscalculated, and that he has attempted to exhaust his administrative remedies with the Board of Parole and Tennessee Department of Correction ("TDOC") [Doc. 1 p. 2]. He asserts that he has sought and been denied a declaratory judgment, and that he is prohibited from pursuing the matter further, because

---

[1] Although Petitioner has styled his petition as one arising under § 2241, the Sixth Circuit has noted that "numerous federal decisions on this issue support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to [the Antiterrorism and Effective Death Penalty Act's] restrictions" imposed for obtaining habeas relief from a State-court judgment. *Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006) (emphasis in the original). This distinction in the statutes does not affect the Court's analysis in this case, however.

Tennessee's law prevents him from litigating the matter in State court due to his unpaid court fees [*Id.*; *see also* Doc. 9].

## II. LEGAL STANDARD

A petitioner seeking federal habeas relief must first exhaust his available State-court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). An exception to the exhaustion requirement exists where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

## III. DISCUSSION

Inmates in TDOC custody must address their parole eligibility through the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-101, *et seq*. If an inmate claims that TDOC incorrectly calculated his sentence, he must first seek a declaratory order regarding that calculation from the TDOC. *See* Tenn. Code Ann. § 4-5-223(a) ("Any affected person may petition an agency for a declaratory order as to the validity or applicability of a statute, rule or order within the primary jurisdiction of the agency."). Following the exhaustion of those

administrative remedies, an inmate can seek judicial review in the criminal trial court, and subsequently, with the Tennessee Court of Criminal Appeals. *See* Tenn. Code Ann. § 4-5-225(b).

Petitioner argues that he cannot seek such relief, however, because he is statutorily prevented from litigating his claims in State court due to unpaid court fees. *See* Tenn. Code Ann. § 41-21-812 (providing, with limited exception in cases of irreparable injury, court clerk may not accept for filing a subsequent claim made by an inmate noticed under section until prior fees are paid in full). Therefore, Petitioner claims, he is barred from exhausting his State court remedies, which leaves him without an available State corrective process. *See* 28 U.S.C. § 2254(b)(1)(B)(i). Respondent has not addressed Petitioner's claim that an exception to the exhaustion requirement applies in his case.

The Court determines that it need not decide the exhaustion issue, however, as Petitioner's allegations do not raise a constitutional issue. It is fundamental that a petitioner is only entitled to federal habeas relief if he is imprisoned in violation of the federal constitution or federal laws. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a). It is also well established that there is no constitutional right to parole. *See Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Rather, a protected liberty interest in parole exists only when State law creates "a legitimate claim of entitlement to it[.]" *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 422 U.S. 1, 7 (1979)).

Tennessee inmates do not have an entitlement to parole; they have, at most "a mere hope that the benefit will be obtained." *Wright v. Trammell*, 810 F.2d 589, 590-91 (6th Cir. 1987) (citation omitted); *see also* Tenn. Code Ann. §§ 40-28-117(a) (defining parole as "a privilege and

3

not a right" and holding that if parole board determines that parole is appropriate "the prisoner may be paroled"). Because Tennessee law provides the parole board with discretion in determining parole eligibility, Petitioner has no protected liberty interest in parole and no basis for a challenge to the calculation of his parole eligibility. Therefore, the instant petition must be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V. CONCLUSION

For the reasons set forth above, Petitioner's § 2254 petition [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**. A COA from this decision will be **DENIED**. Respondent's motion to dismiss the petition for want of exhaustion [Doc. 7] will be **DISMISSED AS MOOT**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE